IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

D'ARSEY LAWRENCE BOLTON,

    Petitioner,                      No. 2:12-cv-0295 LKK EFB P

    vs.

SCOTT McEWEN,[1]                  ORDER AND
                                                        FINDINGS AND RECOMMENDATIONS

    Respondent.

_____/

       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant 28 U.S.C. § 2254. Respondent moves to dismiss the amended petition on the grounds that petitioner failed to exhaust his state remedies and that his claims are barred by the one-year statute of limitations. Dckt. No. 16. For the reasons explained below, the undersigned recommends respondent's motion be granted and the petition be dismissed.[2]

---

[1] The People of the State of California were previously named as respondent. Scott McEwen is the warden of the California State Prison, Los Angeles, where petitioner is confined. "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Accordingly, the court now substitutes in Scott McEwen as the respondent.

[2] Respondent has requested a second extension of time to file a reply to petitioner's opposition. Dckt. No. 21. As a reply is not necessary for resolution of the motion, respondent's request for an extension of time is denied.

## I. Procedural History

Petitioner was convicted of possession of a sharp instrument while confined in a penal institution in violation of California Penal Code section 4502(a). Am. Pet., Dckt. No. 5 at 1;[3] Documents Lodged ISO Resp.'s Mot. to Dismiss (hereinafter "Lodg. Doc.") 1. He received an indeterminate sentence of 25 years to life under California's Three Strikes Law based on petitioner's admission of prior felony convictions. Dckt. No. 5 at 1; Lodg. Docs. 1, 2. Petitioner appealed and the California Court of Appeal, Third Appellate District, affirmed the conviction for possession of a sharp instrument. Lodg. Doc. 2. The California Court of Appeal, however, reversed the trial court's true findings on petitioner's prior felony convictions, vacated petitioner's sentence, and remanded the matter for further proceedings on the prior felony allegations. *Id*. Petitioner did not seek further review in the California Supreme Court. Lodg. Doc. 3.

On remand, petitioner was again sentenced to a term of 25 years to life. Lodg. Doc. 4. He did not appeal his resentencing. Lodg. Doc. 5. Petitioner also did not file any state habeas petitions challenging the state court judgment.

## II. Exhaustion of State Remedies

A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3).

Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations

---

[3] Page references herein refer to page numbers assigned by the court's electronic docketing system and not those assigned by the parties.

omitted). "[A] state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended by*, 247 F.3d 904 (9th Cir. 2000). "[T]he petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is self-evident . . . ." *Id.* (citations omitted); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief"); *Duncan*, 513 U.S. at 365-66 (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution").

In addition to identifying the federal basis of his claims in the state court, the petitioner must also fairly present the factual basis of the claim in order to exhaust it. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Robinson v. Schriro*, 595 F.3d 1086, 1101 (9th Cir. 2010). "[T]he petitioner must . . . provide the state court with the operative facts, that is, 'all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies.'" *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)).

Petitioner's amended petition contains six claims for relief. Dckt. No. 5 at 4-6. Respondent contends that petitioner has not exhausted any of his claims because he never presented them to the California Supreme Court. Dckt. No. 16 at 4. In his opposition to respondent's motion to dismiss, petitioner does not dispute that he did not seek review of his conviction in the California Supreme Court nor challenge his conviction through state habeas proceedings. Dckt. No. 18. In fact, in his opposition petitioner states that "this is a state writ of habeas corpus filed in the EASTERN DISTRICT OF CALIFORNIA." *Id.* at 1. Citing to California law, petitioner further argues that "[t]here is no set time limit for filing a state petition for writ of habeas corpus." *Id.*

It is apparent that petitioner does not understand that he filed the instant petition in federal court, not state court. As explained above, a federal court may not entertain petitioner's habeas petition until he has exhausted his state remedies by presenting his claims to the California Supreme Court. It is clear from the record before the court that petitioner has not presented a single claim relating to the conviction he currently challenges to the California Supreme Court. Accordingly, the claims in the amended petition are unexhausted and the petition must therefore be dismissed.

### III. Conclusion

Accordingly, it is hereby ORDERED that respondent's request for an extension of time to file a reply, Dckt. No. 21, is denied.

Further, for the reasons stated above, it is RECOMMENDED that:

1. Respondent's October 29, 2012, motion to dismiss, Dckt. No. 16, be granted; and

2. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases ("[T]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

Dated: December 18, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE